COURT OF APPEALS
DECISION
DATED AND FILED

August 13, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP742**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021CV173

**IN COURT OF APPEALS
DISTRICT II**

JAMES J. DOUBLEDAY AND CHRISTINE M. DOUBLEDAY,

    PLAINTIFFS-RESPONDENTS,

  V.

C. GOEMAN PROPERTIES V LLC,

    DEFENDANT-APPELLANT.

---

    APPEAL from a judgment of the circuit court for Washington County: SANDRA J. GIERNOTH, Judge. *Affirmed*.

    Before Gundrum, Grogan, and Lazar, JJ.

    ¶1    GUNDRUM, J.  C. Goeman Properties V LLC ("Goeman") appeals a judgment enjoining it from using its property as a bar and restaurant, a

nonconforming use[1] under the Town of Hartland's Zoning Ordinance.  Following a bench trial, the circuit court determined Goeman had discontinued the property's nonconforming use for more than twelve months, and, pursuant to the Town of Hartland's Zoning Ordinance, Goeman could no longer rely on the nonconforming use to operate a bar and restaurant on its property.  On appeal, Goeman argues the court erred in its determination.  We conclude the court did not err, and we affirm.

## *Background*

¶2      Historically, Goeman's property was used to operate a bar and restaurant.  In 1999, the Town of Hartford zoned the area residential.  Pursuant to the Town's ordinances, the property's use as a bar and restaurant was permitted to continue as a nonconforming use.  However, TOWN OF HARTFORD, WIS., ZONING ORDINANCE § 8.02(4) provides:

> **Discontinuance.** Where any such nonconforming use is discontinued for a period of twelve (12) consecutive months, any future use of the building, structure, or land shall conform to the regulations of the district in which it is located.

¶3      On September 10, 2017, Jeffrey Slough, who then owned the property, closed the bar and restaurant for economic reasons.  At that time, Bank Five Nine had a mortgage secured on the property.  Ultimately, the bank foreclosed on the property, purchased it at a foreclosure sale, and leased it to Goeman, who,

---

[1]  A nonconforming use under the ordinances is "[a] building or premises lawfully used or occupied at the time of the passage of this ordinance or any amendment to it, which use or occupancy does not conform to the regulations of this ordinance or its amendments."  TOWN OF HARTFORD, WIS., ZONING ORDINANCE ch. 13 (1999).

All references to the Town of Hartford's Zoning Ordinance are to the 1999 version.  The Town's Zoning Ordinance is available at https://townofhartfordwi.gov/wp-content/uploads/2018/12/Zoning-Ordinances.pdf (last visited July 31, 2025).

in turn, eventually purchased it. Goeman began operating a bar and restaurant at the property on April 16, 2019.

¶4     James and Christine Doubleday, who live at a neighboring property, brought a private zoning enforcement action against Goeman. As relevant, they sought an injunction enjoining Goeman from using the property as a bar and restaurant on the basis that the property's nonconforming use had lapsed because the property had discontinued its nonconforming bar-and-restaurant use for twelve consecutive months.

¶5     At trial, James testified that from September 11, 2017, through April 15, 2019, Goeman's property was not used as a bar and restaurant. The property was vacant, and the building began to deteriorate. James described how the electricity was turned off and mail and deliveries began to accumulate. When the property was listed for sale in March 2018, James, who indicated he was then interested in purchasing the property, toured it with the realtor. He explained that the building "was very cold, dark, dirty, and stinky and had a musty odor and many things were in disarray. It was not in any kind of operating condition." He took photographs showing bar stools stacked on the bar, an exploded and frozen can of soda on the floor, a fryer full of stagnant oil, and refrigerator and freezer doors that were left open because the products inside had been removed and there was no electricity. The building was unheated and because of the extreme cold, tiles had cracked. James also toured the property in April and May 2018, and he testified the property's condition "was basically the same."

¶6     James explained that, in August 2018, a company began to remediate the property. During that time, he saw:

> things that were removed and that were being removed by [the remediation company] that included walls; ceilings; vapor barriers; insulation; carpeting; floor tiles; fixtures; all the bar plumbing; bookcases; cabinets; counters; chair seats; two high chairs; signs; lights; baskets; storage bins; cutting boards; message boards; floral decorations; planters; recipes; gutters; alcohol; and bathroom, kitchen, bar, and restaurant supplies. There were plastic dishes, containers, boxes, stirrers, toilet paper, hand towels, [and] menus[.]

¶7      On October 1, 2018, James emailed Town officials to advise that the property's nonconforming use had been discontinued. However, in March 2019, James began to see people and construction at the property. Goeman subsequently opened a bar and restaurant at the property on April 16, 2019. James argued to the circuit court that because the property had not been used as a bar and restaurant for approximately 19 months, its nonconforming use had lapsed.

¶8      In support of its position that the property's nonconforming use remained, Goeman called Bank Five Nine "special assets lender" Michael Kenworthy. Kenworthy explained that, in September 2017, Slough had a note with Bank Five Nine that was secured by a mortgage on the property. When Slough closed his bar and restaurant, Kenworthy was concerned that the closure would cause the property to lose its nonconforming use and affect the bank's collateral. When the bank is faced with these situations, Kenworthy employs a technique where he has the owner sell him something at the property during the relevant time period so that the property does not discontinue its nonconforming use.[2] Accordingly, on May 5, 2018, Kenworthy had Slough meet him at the property along with Goeman's

---

[2] Kenworthy explained he had employed this technique at least a dozen times, recalling one instance in which, in order to avoid discontinuance of a property's nonconforming use status, he had the owner of a closed business and the owner's attorney meet him at the property and sell him "Kwik Trip donuts and a Busch Light."

owner, Larry Goeman, who at that time was a prospective buyer. Kenworthy admitted that at the time the property "was not open for the general public to come in" and there was no staff.[3] Slough sold Kenworthy and Larry a beer or two each to "deal with the nonconforming issue." Goeman argued that, because this May 5, 2018 sale occurred, there was no consecutive twelve-month period where the property had not been used as a bar and restaurant and thus the nonconforming use had not lapsed.

¶9 In an oral ruling, the circuit court observed it was undisputed that the bar and restaurant closed on September 10, 2017, and did not reopen to the public until April 16, 2019. As to the time period in between, the court found James's testimony "to his observations and the exhibits that he admitted into evidence to be credible." The court stated, "it is quite obvious in reviewing [James's] exhibits the premises was not in any condition to be operated as a bar or restaurant. It was unkempt. It was unclean. The food preparation areas and food storage areas were wholly unsuitable for either activity."

¶10 As to whether the May 5, 2018 meeting was sufficient to prevent the property's nonconforming use from lapsing, the circuit court determined the May 5 meeting was insufficient and the property's nonconforming use lapsed because it had been discontinued for twelve or more months. The court explained:

> [A] one-time private meeting during which a couple of beers were purchased, during which this premises was never held open to anyone of the public, during which the premises was otherwise entirely unfit for food or beverage service, unfit

---

[3] Kenworthy also testified that at some point he had removed "leftover food" from the refrigerators "so it d[id]n't create any mold or anything else" and had partially winterized the property, such as putting "antifreeze, RV fluid" into the toilets. Kenworthy also acknowledged there had been a "water break" at the property due to "a freezing issue."

> for occupancy, cannot constitute ongoing nonconforming
> use of a bar or a restaurant.

The court also reasoned: "If all that was necessary to maintain nonconforming use was such a meeting as was offered as continued nonconforming use, ordinances governing nonconforming use could [be] easily and … perpetually circumvented." The court granted the Doubledays' request for an injunction and enjoined Goeman from its nonconforming use of the property. Goeman appeals.

### *Discussion*

¶11     Here, the facts are undisputed. "[T]he interpretation and application of an ordinance to an undisputed set of facts is a question of law." ***Baldwin v. Milwaukee County***, 2018 WI App 29, ¶17, 382 Wis. 2d 145, 913 N.W.2d 194. "The rules for the construction of statutes and municipal ordinances are the same." ***Id.***, ¶18 (citation omitted). "We start with the language of the applicable ordinance[, and i]f the meaning of the ordinance … is clear, then" we "simply apply the clear meaning of the [ordinance …] to the facts before [us]." ***Id.*** (citation omitted). Generally speaking, zoning "law seeks to restrict rather than increase nonconforming uses and to eliminate such uses as speedily as possible." ***Village of Menomonee Falls v. Veierstahler***, 183 Wis. 2d 96, 102, 515 N.W.2d 290 (Ct. App. 1994).

¶12     On appeal, Goeman argues the circuit court erred in its interpretation of TOWN OF HARTFORD, WIS., ZONING ORDINANCE § 8.02(4) and its application to the undisputed facts. Goeman asserts § 8.02(4) requires only that the nonconforming use be discontinued for a twelve-month period, and it argues that when Slough sold beer to Kenworthy and Larry on May 5, 2018, the property was

used as a bar and restaurant during the relevant twelve-month period and therefore the property's nonconforming use did not lapse.

¶13 We disagree. TOWN OF HARTFORD, WIS., ZONING ORDINANCE § 8.02(4) plainly provides that if the "nonconforming use is discontinued for a period of twelve (12) consecutive months, any future use … shall conform to the regulations of the district in which it is located." Here, the property's nonconforming use was as a bar and restaurant, which use ended on September 10, 2017. A one-time beer sale to a banker and prospective buyer in a place that, as the circuit court found, was "never held open to anyone of the public, during which the premises was otherwise entirely unfit for food or beverage service, [and] unfit for occupancy" does not establish that the property was being used as a bar and restaurant during the relevant twelve-month time period. As a result, as of September 11, 2018, use of the property needed to "conform to the regulations of the [residential] district in which it is located." *See id.* Use as a bar and restaurant does not so conform.

¶14 For all of the foregoing reasons, we affirm the circuit court's judgment.

*By the Court.*—Judgment affirmed.

Recommended for publication in the official reports.